**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HARRY BURDICK, | |
|     Petitioner, | 2:13-cv-01296-GMN-NJK |
| vs. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
|     Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an inmate.

This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that the petition must be dismissed for the reasons discussed below.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention doctrine applies to claims raised in federal habeas corpus proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger* abstention doctrine is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state

officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, the Nevada Supreme Court entered an order on December 14, 2012, reversing, in part, petitioner's criminal conviction. Petitioner's retrial is currently pending in the Eighth Judicial District Court, Clark County, Nevada. All prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition. Finally, petitioner has not demonstrated any extraordinary circumstance why this Court should not abstain from entertaining the petition. For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

1   Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing
2   Section 2254 and 2255 Cases, district courts are required to rule on the certificate of
3   appealability in the order disposing of a proceeding adversely to the petitioner or movant,
4   rather than waiting for a notice of appeal and request for certificate of appealability to be
5   filed. Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to
6   whether they satisfy the standard for issuance of a certificate of appealability, and determines
7   that none meet that standard.  The Court will therefore deny petitioner a certificate of
8   appealability.

9   **IT IS THEREFORE ORDERED** that this action is **DISMISSED without**
10  **prejudice.**

11  **IT IS FURTHER ORDERED** that all pending motions in this action, including ECF
12  Nos. 1 & 2, are **DENIED.**

13  **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

14  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**
15  **APPEALABILITY.**

16  **DATED** this 27th day of September, 2013.

        Gloria M. Navarro
        United States District Judge